UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN SHANE HATSWELL and
KATHERINE LOU HATSWELL,

    Plaintiffs,

v.

FOWLERVILLE COMMUNITY SCHOOLS,

    Defendant.
_____/

Case No. 2:18-cv-10366

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE R. STEVEN WHALEN

**ORDER REQUIRING JOINT DISCOVERY PLAN
AND SETTING RULE 16 SCHEDULING CONFERENCE**

Defendant having filed an Answer, **IT IS HEREBY ORDERED:**

1. <u>Date and Location</u>: A scheduling conference pursuant to Civil Rule 16 is scheduled for **4/17/18** at **10:00 a.m.** before the Honorable Stephen J. Murphy, III, Theodore Levin U.S. Courthouse, Room 228, 231 W. Lafayette, Detroit, Michigan. Telephonic participation is not permitted. **Please do not contact the Court to confirm the scheduling conference. If the Court has not cancelled the conference on the docket, then it will be held as planned.**

2. <u>Matters to be Considered</u>: The purpose of the conference is to review the Joint Discovery Plan, and to expedite the disposition of the case by establishing effective case management; discouraging wasteful pretrial activities; establishing discovery limits; facilitating settlement; and setting a firm trial date.

3. <u>Joint Discovery Plan</u>: At least seven days before the scheduling conference, counsel (or unrepresented parties) shall meet in person or telephonically to discuss the nature and basis of the parties' claims and defenses; the possibilities for a prompt settlement or resolution of the case; the formulation of a discovery plan; and the topics listed

below. Because Plaintiffs are proceeding pro se, Defendant is responsible for scheduling the meeting. After the meeting, the parties shall prepare and file a Joint Discovery Plan no later than **4/13/18**, which must be submitted in the form attached hereto as **Appendix A**.

4. Presumptive Limitations: Pursuant to Civil Rules 26 and 30, the Court requires:

    (a) Rule 26(a)(1) disclosures will be required early in the case, with a continuing duty to supplement.

    (b) Rule 26(a)(2) expert witness reports will be required before the close of discovery;

    (c) Interrogatories are limited to 25 per side and depositions are limited to 10 per side, each of no more than 7 hours in duration. If disclosures are required under Rule 26, the Court may preclude the calling of witnesses or the presentation of evidence as a sanction for failure to make timely and complete disclosures. *See* Fed. R. Civ. P. 37(c)(1). In most cases, discovery should be completed within six months.

5. Sanctions: The failure of counsel or an unrepresented party to participate in submission of the Joint Discovery Plan or to appear or participate in the Rule 16 scheduling conference may result in the imposition of any of the sanctions allowed by Rule 16(f), including dismissal of the action or entry of default, as appropriate.

6. Magistrate Judge: On the cover page of all pleadings filed, the parties shall identify the United States Magistrate Judge assigned to the case.

7. <u>Case Manager to Judge Stephen J. Murphy, III</u>: David Parker, (313) 234-2681.

   **SO ORDERED**.

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: March 12, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 12, 2018, by electronic and/or ordinary mail.

          s/David P. Parker
          Case Manager

**Appendix A**

A Rule 16 Scheduling Conference is scheduled for **[scheduling conference date]**. Appearing for the parties as counsel will be:

[*List the counsel who will attend the scheduling conference. Counsel for all parties must attend. Parties not represented by counsel must appear in person. Parties who are represented are encouraged, but not required, to attend.*]

1) **Jurisdiction**: The basis for the Court's jurisdiction is:

   [*Set forth a statement of the basis for the Court's jurisdiction. Indicate all objections.*]

2) **Jury or Non-Jury**: This case is to be tried [before a jury] [by the Court as trier of law and fact].

3) **Statement of the Case**: This case involves:

   [*Set forth a brief description of the claims and defenses, sufficient to acquaint the Court with the general nature of the case as well as the factual and legal issues requiring judicial resolution.*]

4) **Pendent State Claims**: This case [does/does not] include pendent state claims.

   [*If pendent state claims exist, include a statement describing them, and any objections to the Court retaining them.*]

5) **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by _____.

6) **Disclosures and Exchanges**: The parties have agreed to make available the following documents without the need of a formal request for production:

   From Plaintiff to Defendant: [describe documents].
   From Defendant to Plaintiff: [describe documents].

   - OR -

   The parties are unable to agree on voluntary production at this time.

7) **Discovery**: The parties believe that all discovery proceedings can be completed by _____. The parties recommend the following discovery plan, and acknowledge that

if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

[*As required by Civil Rule 26(f), set forth proposed plan of discovery. A separate discovery plan does not need to be filed in addition to what is submitted here. Also set forth any recommendations as to limitations on discovery.*]

| | |
|---|---|
| Discovery Begins: | MM/DD/YYYY |
| Initial Disclosures Due: | MM/DD/YYYY |
| Witness List Disclosures Due: | MM/DD/YYYY |
| Expert Disclosures Due: | MM/DD/YYYY |
| Discovery Ends: | MM/DD/YYYY |
| Dispositive Motions Due: | MM/DD/YYYY |

8) **Disclosure / Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

   [*State whether any party has electronically stored information that will be subject to disclosure or discovery and set forth any proposals concerning the form of production.*]

9) **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

   [*State whether the parties have agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.*]

10) **Motions**: The parties acknowledge that E.D. Mich. LR 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1. All nondispositive motions shall be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Rule 7.1. All discovery motions shall be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion.

    The following dispositive motions are contemplated by each party:

    [*Set forth all contemplated dispositive motions.*]

11) **Alternative Dispute Resolution**: The parties acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute

    resolution:

    [*Set forth each party's position with respect to the preferred method, if any, of alternative dispute resolution. Methods used in this district include, but are not limited to, facilitative mediation (E.D. Mich. LR 16.4), case evaluation (E.D. Mich. LR 16.5 and MCR 2.403), settlement conferences (E.D. Mich. LR 16.6), and other procedures (E.D. Mich. LR 16.7).*]

12) **Length of Trial**: Counsel estimate the trial will last approximately __ days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

    __ days for Plaintiff['s] case
    __ days for Defendant['s] case
    __ days for other parties

13) **Prospects of Settlement**: The status of settlement discussions is:

    [*Indicate persons present during negotiations, progress toward settlement, and issues that are obstacles to settlement.*]

14) **Electronic Document Filing System**: Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the party has been excused from electronic filing on motion for good cause shown. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

15) **Other**: [*Set forth any special characteristics or other factors relevant to the case that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case. The Joint Discovery Plan shall be approved and signed by all counsel of record and by any party who represents one party.*]